NOLAN HEIMANN LLP
Jordan Susman, Esq. (SBN 246116)
Jane Davidson, Esq. (SBN 326547)
16000 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail: jsusman@nolanheimann.com
jdavidson@nolanheimann.com

Attorneys for Plaintiff
Elizabeth Cueva

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH CUEVA, an individual,<br>Plaintiff,<br>vs.<br>DOUGLAS TAIT, an individual,<br>Defendant. | Case No.:<br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Elizabeth Cueva by and through her undersigned attorneys, alleges upon knowledge as to herself and her own acts, and alleges upon information and belief as to all other matters, brings this Complaint.

**PARTIES**

1. Elizabeth Cueva ("Ms. Cueva" or "Plaintiff"), is an individual who resides in Los Angeles County.

2. Defendant Douglas Tait ("Defendant") is an individual who resides in Los Angeles County.

**JURISDICTION AND VENUE**

3. This claim arises under the Copyright Act, 17 U.S.C. § 101 et seq., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in California.

5. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because Defendant resides in this district.

**STATEMENT OF FACTS**

6. In or about 2002, Ms. Cueva took approximately 100 photographs on the set of the motion picture *Freddy vs. Jason*.

7. Accordingly, Ms. Cueva owns the copyrights in those photographs (collectively, the "Photographs").

8. Ms. Cueva has federally registered her copyrights in those photographs with the U.S. Copyright Office, registration numbers VAU001555979 ("Jason Pics in 'Freddy vs Jason'"), VAU001558856 ("Jason Pictures on set 'Freddy vs Jason'"), and VAU001563979 ("Final Scene Pictures of 'Freddy vs Jason'"). True and correct copies of the registrations are attached hereto as Exhibit 1 and incorporated by this reference.

9. Several of the Photographs depict Defendant, an actor in the motion picture

*Freddy vs. Jason*.

10. Ms. Cueva and Defendant were married on March 8, 2003.

11. Because Ms. Cueva created the Photographs prior to her marriage to Defendant, the Photographs constitute Ms. Cueva's separate property. Cal. Fam. Code § 770.

12. After they were married, Defendant reproduced, copied, displayed, promoted, distributed, and sold the Photographs.

13. On or about October 22, 2024, Ms. Cueva revoked any express or implied license or authorization that may have allowed Defendant to reproduce, copy, display, promote, distribute, sell, or otherwise exploit the Photographs.

14. On or about November 4, 2024, Ms. Cueva again informed Defendant that he did not have permission to reproduce, copy, display, promote, distribute, sell, or otherwise exploit the Photographs.

15. On November 13, 2024, Ms. Cueva repeated her demands that Defendant immediately and permanently cease and desist from reproducing, copying, displaying, promoting, distributing, selling, or otherwise exploiting the Photographs.

16. Defendant refused Ms. Cueva's demands and continued to willfully reproduce, copy, display, promote, distribute, and sell the Photographs without permission.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501 *et seq*.)

17. Ms. Cueva refers to the allegations contained in the preceding paragraphs and incorporates them by reference as though fully set forth herein.

18. Ms. Cueva is the sole and exclusive owner of all rights, title, and interest in the Photographs, which are the subject of valid and existing United States copyright registrations.

19. Defendant infringed Ms. Cueva's copyrights in the Photographs by reproducing, copying, displaying, distributing, and selling them without Ms. Cueva's permission, license, or consent in violation of 17 U.S.C. § 501 et seq.

20. The foregoing acts of infringement by Defendant have been willful, intentional, and purposeful in disregard of and indifference to Ms. Cueva's legal rights.

21. As a direct and proximate result of the infringement by the Defendant of Ms. Cueva's copyrights and exclusive rights under copyright law, Ms. Cueva is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

22. Alternatively, Ms. Cueva is entitled to statutory damages up to $150,000 per work infringed pursuant to 17 U.S.C. § 504(c).

23. Ms. Cueva is further entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

24. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Ms. Cueva irreparable injury that cannot be fully compensated by or measured in money damages. Ms. Cueva has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Cueva prays for an award against Defendant as follows:

1. That Defendant be adjudged to have infringed upon Ms. Cueva's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq*.
2. That an accounting be made of all profits, income, receipts or other benefits derived by Defendant from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services that improperly or unlawfully infringe upon Ms. Cueva's copyrights pursuant to 17 U.S.C. § 504(a)(1) & (b);
3. For actual damages and disgorgement of all profits derived by Defendant from his acts of copyright infringement under 17 U.S.C. § 504(a)(1) & (b), <u>or</u> statutory

damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. For costs, expenses, and attorney's fees pursuant to 17 U.S.C. § 505;
5. Pre-judgment interest at the maximum legal rate;
6. Preliminary and permanent injunctions restraining and enjoining Defendant, and all persons acting in concert with him, from copying the Photographs or further distributing, displaying, or selling them;
7. For such other and further relief as the Court may deem just and appropriate.

Dated: November 12, 2026

NOLAN HEIMANN LLP

By: *<u>/s/ Jordan Susman</u>*
Jordan Susman
Jane Davidson
Attorneys for Plaintiff
Elizabeth Cueva

## DEMAND FOR JURY TRIAL

Plaintiff Elizabeth Cueva hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: November 12, 2026

NOLAN HEIMANN LLP

By: *<u>/s/ Jordan Susman</u>*
Jordan Susman
Jane Davidson
Attorneys for Plaintiff
Elizabeth Cueva